Reese, J.
delivered the opinion of the court.
The question raised by the record in this case, and ^discussed at the bar, is whether the- guardian or executor of a lunatic can be sued in an action at law, in that character, without joining in the action, as a party defendant, the lunatic himself? It is well settled in England, that at law the non compos himself must be a party plaintiff when suing, and a party defendant when sued. Upon this question there has never in their courts been any controversy whatever. As to the property of the lunatic, the guardian being but a steward, bailiff, or agent, it does not vest in him, but remains, so far as title is concerned, in the lunatic himself.
The formal service of process, indeed, upon one deprived of his reason, may appear not without some degree of absurdity. But that he should be a party, so that the judgment may be rendered against him, and the execution issue against his estate, involves not only no absurdity, but is very proper and necessary. To render the judgment against the guardian, and issue the execution against his estate, would involve in it not absurdity only, but injustice.
The precedents referred to in chancery cases, and in Johnson’s Chancery reports, where it was held, that the lunatic need not be made a party, are very distinguishable from cases at law.
In England and New York, when the estate of a lunatic is in the custody of the chancery court, a suit in that court against the lunatic, is but a suit against the fund. It is a petition to the chancery court, in whose hands the fund is, to pay the debt out of that fund.
We think our act of assembly, on the subject of lunatics, contains no provisions which can change the course of proceeding at law, as fixed by the common law, so as to dispense with the necessity of instituting the suit against the lunatic himself.
We are also of opinion, that the additional count in the declaration, filed by leave in the circuit court, against, the *91 guardian personally, constitutes a misjoinder. We are of opinion, therefore, upon both these grounds, without adverting to others, that the circuit court erred in not arresting the judgment.
The judgment of the circuit court must be reversed, and judgment given in favor of the plaintiff in error.